ANDREWS v. VIRALDO. (No. 5475.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1915.)

1. CARRIERS &copy;=>230—INJURY TO LIVE STOCK — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether plaintiff, whose horse was injured by defendant, was guilty of contributory negligence in not having it treated by a veterinary and in using it too soon, *held*, under the evidence, a question for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. &copy;=>230.]

2. TRIAL &copy;=>255—INSTRUCTIONS—NECESSITY OF REQUEST.

Defendant desiring a charge on contributory negligence should request it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627-641; Dec. Dig. &copy;=>255.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by L. F. Viraldo against Frank Andrews, receiver. Judgment for plaintiff, and defendant appeals. Affirmed.

Claude Pollard, of Kingsville, and West & McMillan and B. M. Siddall, all of San Antonio, for appellant. A. E. Heilbron, C. E. Caruthers, and C. L. McGill, all of San Antonio, for appellee.

CARL, J. L. F. Viraldo sued Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, for the value of a mare and certain household goods injured in shipping the same from Corpus Christi to McAllen. It is charged that by the rough handling of said property, jerking and jolting same, the household goods were broken and damaged, and the mare was thrown down, bruised, and injured to such an extent that she died about two weeks later as a result of the injuries received. Her value is placed at $150, and was proved to be such at McAllen at the time of her loss. No question is made as to the appellant's liability for the household goods, amounting to $39.50; but the sole assignment of error complains of the refusal of the trial court to instruct a verdict for the defendant in so far as the recovery for the loss of the mare is concerned. It is claimed that the uncontradicted evidence shows that appellee was guilty of contributory negligence in failing to have the mare treated by a veterinary surgeon after it was known she was injured, and in working her after her arrival at McAllen in her injured condition. The case was tried by a jury, and judgment was for appellee.

[1, 2] Appellee testified that he did not know that there was a veterinary surgeon to be had there, and that he had a stay chain fixed so that this mare was doing nothing more than holding up her part of the wagon tongue when he worked her. As soon as he discovered that she was not able to work he unharnessed her and took her out, using one horse and a spring wagon to move his goods. The question of whether Viraldo was negligent under the circumstances was one for the jury. The court did not charge the jury, and, if appellant desired a special charge submitting the matter of contributory negligence, he should have requested same. It must be assumed that all the evidence was considered by the jury, including that which would tend to show contributory negligence.

The judgment is affirmed.